UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

LG CAPITAL FUNDING, LLC,

                            Plaintiff,

            -v-

VERITEQ CORPORATION,

                           Defendant.

21 Civ. 6492 (PAE)

ORDER & OPINION

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

This decision resolves a damages inquest conducted after the Court entered a default judgment as to liability against defendant Veriteq Corporation. Dkt. 20.

On July 30, 2021, plaintiff filed the complaint, asserting a claim for breach of contract of a promissory note (the "Note")—or, in the alternative, unjust enrichment—and seeking compensatory damages plus costs, expenses, and attorneys' fees. Dkt. 1. On November 4, 2021, plaintiff served defendant with process, making defendant's deadline to answer or otherwise respond November 26, 2021. *See* Dkt. 4. Defendant never appeared. On December 13, 2021, the Court issued an order to show cause as to why the action should not be dismissed for failure to prosecute, because defendant has not responded to the complaint or otherwise appeared in this action. Dkt. 5. On December 15, 2021, plaintiff obtained a clerk's certificate of default. Dkt. 9. On December 17, 2021, plaintiff filed a motion for default judgment. Dkt. 10. Plaintiff also filed the declarations of Joseph Lerman, Dkt. 11, and Kevin Kehrli, Dkt. 14, a memorandum of law in support, Dkt. 13, and a proposed default judgment, Dkt. 15. On January 5, 2022, plaintiff filed a copy of the operative pleadings. Dkt. 17. On January 18, 2022, the Court issued an order to show cause, directing plaintiff forthwith to serve the order and the papers in support of its

motion for default judgment on defendant.  Dkt. 18.  On January 21, 2022, plaintiff filed a certificate of service, indicating that service had been made that day.  Dkt. 19.  On March 31, 2022, the Court entered default judgment as to liability against the defendant.  Dkt. 20.  The same day, the Court referred the case to the Hon. Sarah Netburn for an inquest for damages as to the default judgment.  Dkt. 21.

On May 8, 2023, Judge Netburn issued a Report and Recommendation to this Court. Dkt. 29 ("Report").  The Report recommends that defendant be held liable for damages including the Note's outstanding principal ($49,900.00), regular interest accrued up to the date of default ($3,926.38), and default interest on the principal from the date of default through the entry of final judgment at a rate of 16% annually.  The Report further recommends that plaintiff be awarded $3,167.00 in costs and expenses.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Netburn's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.  Because the Report explicitly

states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 7, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court awards plaintiff damages totaling the Note's outstanding principal ($49,900.00), regular interest accrued up to the date of default ($3,926.38), and interest on the principal from the date of default through the entry of final judgment at a rate of 16% annually, and $3,167.00 in costs and expenses. The Court respectfully directs the Clerk of Court to enter judgment in plaintiff's favor for the above damages, terminate all pending motions, and close this case.

SO ORDERED.

                                                                           Paul A. Engelmayer
                                                                           United States District Judge

Dated: May 30, 2023
           New York, New York